**Slip Op. 07-91**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
|   |   |
|---|---|
| LADY KIM T. INC. | : |
| | : |
|      Plaintiff, | : Court No. 05-00511 |
| | : |
|              v. | : |
| | : |
| UNITED STATES SECRETARY OF | : |
| AGRICULTURE | : |
| | : |
|      Defendant. | : |
_____|   :

**Held:**   United States Department of Agriculture's <u>Remand Determination</u> is affirmed.

<u>Neville Peterson, LLP</u>, (Curtis Walter Knauss; Laura Martino) for Lady Kim T. Inc., Plaintiff.

<u>Peter D. Keisler</u>, Assistant Attorney General, <u>Jeanne Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Michael J. Dierberg); of counsel: <u>Jeffrey Kahn</u>, Office of the General Counsel, United States Department of Agriculture, for the United States Secretary of Agriculture, Defendant.

June 6, 2007

**OPINION**

    **Tsoucalas, Judge:** This matter is before the Court on motion for judgment upon the agency record filed by Plaintiff, Lady Kim T. Inc. ("Plaintiff" or "Lady Kim"). Plaintiff challenges the final determination of the Foreign Agricultural Service of the United States Department of Agriculture ("Defendant" or "Department") and the subsequent remand determination ordered by this Court in <u>Lady</u>

Court No. 05-00511                                                    Page 2

<u>Kim T. Inc. v. United States</u>, 30 CIT __ , 469 F. Supp. 2d 1262
("<u>Lady Kim I</u>"), denying its application for trade adjustment
assistance ("TAA") benefits.[1]  <u>See</u> <u>Reconsideration Upon Remand of
the Application of Lady Kim T. Inc.</u>, (Dep't of Agric. Mar. 14,
2007) ("<u>Remand</u> <u>Determination</u>").  After considering all the briefs
and the papers filed herein, and for the reasons that follow, the
Court holds that the Department's findings of fact with regard to
this matter are supported by substantial record evidence and that
the Department's legal conclusions are not arbitrary, capricious,
an abuse of discretion, or otherwise not in accordance with law.
Accordingly, the Department's <u>Remand</u> <u>Determination</u> is affirmed.


## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19
U.S.C. § 2395(c)(2000).


## STANDARD OF REVIEW

When reviewing a determination by the Department, the
"findings of fact by the . . . [Department] . . . if supported by
substantial evidence, shall be conclusive; but the court, for good
cause shown, may remand the case to [the Department] to take
further evidence, and [the Department] may thereupon make new or
modified findings of fact and may modify [its] previous action . .

---

[1]      <u>See</u> Trade Adjustment Assistance Reform Act of 2002,
Pub. L. No. 107-210, Title I, Subtitle C § 141, 116 Stat. 953
(2002); <u>see</u> <u>also</u> 19 U.S.C. § 2401 <u>et.</u> <u>seq.</u>

. ." 19 U.S.C. § 2395(b). Accordingly, the Court will uphold the Department's determination if its factual findings are supported by substantial record evidence. See id.; Cabana v. United States Sec'y of Agric., 30 CIT __, 427 F. Supp. 2d 1232 (2006). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court will uphold the Department's legal determination if it is in accordance with law pursuant to the default standard set forth in the Administrative Procedure Act.[2] See 5 U.S.C. § 706 (2000). In reviewing the Department's determination the Court must "hold unlawful and set aside agency action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(A). "[T]he 'touchstone' of the 'arbitrary, capricious' standard is rationality." Hyundai Elec. Indus. Co., Ltd. v. United States, 899 F.2d 1204, 1209 (Fed. Cir. 1990). To be sustained, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463

---

[2]     The Court applies the default standard of review set forth in the Administrative Procedure Act because the TAA statute is silent on questions of law.

U.S. 29, 43, (1983) (internal quotation and citation omitted).

## BACKGROUND

The facts of this case were set forth in the Court's previous opinion in this matter.  The facts relevant to the instant inquiry are as follows.  In February 2005, Plaintiff, a Subchapter S Corporation, applied for TAA benefits for the 2003 marketing year. See Application for Trade Adjustment Assistance for Lady Kim T Inc., (February 14, 2005) ("Application"), Administrative Record ("AR") 1.  In its application, Plaintiff provided various business records including copies of its 2002 and 2003 Internal Revenue Service ("IRS") Form 1120S income tax returns ("returns").[3]  See Pl. Submission, AR at 12-29.  On Form 1120S, "Total Income (loss)" is reported on line 6.  See Form 1120S, www.irs.gov (last visited June 5, 2007).  Line 6 appears in the section of the return entitled "Income."  Id.  "Ordinary income (loss) from trade or business activities" is reported on line 21, and appears in the section of form 1120S labeled "Deductions."  Id.  On its 2002 return, Lady Kim reported a total income of $19,665 in line 6.  See

_____

[3]    As a Subchapter S Corporation, Lady Kim filed its tax returns using IRS Form 1120S.  Form 1120S is entitled "U.S. Income Tax Return for an S Corporation."  See Form 1120S, www.irs.gov (last visited June 5, 2007).

    As directed by IRS Form 1120S, "Total Income (loss)" is calculated by adding "gross profit," "net gain (loss)" and "other income (loss)."  See id.  "Ordinary income (loss) from trade or business activities" is determined by subtracting "Total deductions" from "Total income."  Id.

Br. Supp. Pl.'s Mot. J. Agency R. ("Pl.'s Lady Kim I Br.") at 7.
It reported an ordinary income of $-96,356 in line 21. See Def.'s
Resp. Pl.'s Mot. J. Agency Rec. ("Def.'s Lady Kim I Br.") at 3. On
its 2003 return, Plaintiff reported a total income of $3,037 on
line 6, and an ordinary income of $-59,226 on line 21. See Pl.'s
Lady Kim I Br. at 8; Def.'s Lady Kim I Br. at 3. Based upon the
documentation provided, Lady Kim certified that its 2003 net
fishing income declined from the petitions pre-adjustment year.
See Application, AR 1; Form 1120S 2003 return, AR 12; Form 1120S
2002 return, AR 13.

The Department denied Lady Kim's application by letter dated
July 6, 2005 ("final determination"). See Letter from Ronald Ford,
Deputy Director, Import Policies and Program Division, Foreign
Agricultural Services, United States Department of Agriculture, to
Lady Kim T Inc. (July 6, 2005), AR 58. The letter stated, in
relevant part, that the USDA "reviewed the information that [Lady
Kim] provided to the Farm Service Agency with [its] application and
made a final determination that [Lady Kim is] ineligible for a cash
payment. [Lady Kim has] been denied a TAA cash benefit because
[its] net fishing income for 2003 was greater than [its] net
fishing income for 2002." See id. In Lady Kim I, the Court found
that the Department "failed to adequately explain its rationale for
the final determination denying Plaintiff TAA benefits." 30 CIT at
__, 469 F. Supp. 2d at 1268. Accordingly, this Court ordered the

Department to explain the basis for its decision and to demonstrate the analysis necessary for it to determine, rather than simply state, whether Plaintiff's net income was greater in 2003 than in 2002.  Id.  Pursuant to the Court's order, on March 13, 2007 the Department filed its Remand Determination.  Thereafter, Plaintiff filed its comments thereto, and Defendant filed its reply to such comments.  See Pl.'s Resp. Def.'s Reconsideration Remand Application Lady Kim T. Inc. ("Pl.'s Mem."); Def.'s Reply Pl.'s Comments USDA's Remand Det. ("Def.'s Reply").  Plaintiff challenges the Department's Remand Determination and again seeks this Court's review.  See generally Pl.'s Mem. at 2-4.

Plaintiff sets forth several arguments in response to the Remand Determination.  It contends that the Department "did not follow the instructions of this Court," and therefore requests that this Court remand the determination and "consider awarding costs to plaintiff for the preparation of this Response."  See Pl.'s Mem. at 2.  Plaintiff correctly states that the Court ordered that the Department determine whether its net income was greater in 2003 than in 2002.  It argues, however, that Defendant "made no attempt to undertake this analysis but merely repackaged its argument."  Id. at 2-3 ("Defendant's [Remand Determination] still did not determine net income of Lady Kim T. Inc. as it was directed to do.").

Defendant insists that it "explained the basis for its decision in the remand determination." Def.'s Reply at 3 ("[T]he basis for [the Department's] denial of benefits to Lady Kim may be reasonably discerned in its remand determination."). It contends that Plaintiff failed to demonstrate that its Remand Determination "lacked substantial evidence or was arbitrary and capricious." Id. at 5. It requests that the Remand Determination be affirmed "because [Plaintiff] has not demonstrated that it was unreasonable to conclude based upon the evidence in the record that [Plaintiff's] net income increased, rather than decreased, from 2002 to 2003."[4] Id. at 6. The Court agrees and, for the foregoing reasons, finds that the Department's Remand Determination be affirmed.

## DISCUSSION

In order to be eligible for TAA benefits a producer must meet certain criteria set forth in 19 U.S.C. § 2401e(a). See 19 U.S.C. § 2401e(a) (Supp. II 2002). The statute instructs, in

---

[4] Both Plaintiff and Defendant make several other ancillary arguments, none of which the Court need address to reach its decision. Defendant, however, draws one conclusion the Court chooses to briefly address. Contrary to the Defendant's assertion, the Court did not state "that previous cases suggest that [the Department's] methodology is contrary to statute." Def.'s Reply at 3, fn1. Instead, the Court simply observed that the caselaw of this Court and the Court of Appeals for the Federal Circuit "seem to contemplate a certain level of analysis in order . . . to make a determination." Lady Kim I, 469 F. Supp. 2d at 1266. In addition to being irrelevant, Defendant's argument is also misplaced.

relevant part, that in general:

> Payment of a [sic] adjustment assistance under
> this part shall be made to an adversely
> affected agricultural commodity producer
> covered by a certification under this part
> . . . if the following conditions are met:
> . . .
>> (C) The producer's net farm income
>>     (as <u>determined</u> by the Secretary
>>     [of Agriculture]) for the most
>>     recent year is less than the
>>     producer's net farm income
>>     for the latest year in which no
>>     adjustment assistance was received
>>     by the producer under this part.

§ 2401e(a)(1) (emphasis added).[5]  In <u>Lady Kim I</u>, the Court was

unable to discern whether the Department "determined," in

accordance with § 2401e(a)(1), if Plaintiff's net income was less

in 2003 than in 2002.  <u>See</u> 469 F. Supp. 2d at 1266-67.  Indeed, it

found that the caselaw of this Court and the Court of Appeals seem

to contemplate that a certain level analysis is necessary.  <u>Id.</u> at

1266 (citing <u>Steen v. United States</u>, 468 F.3d 1357, 1363-64 (2006);

<u>Selivanoff v. United States</u>, 30 CIT __, __ Slip Op. 06-55 at 7

(Apr. 18, 2006) (not published in the Federal Supplement)

("Congress mandated that the Secretary <u>determine</u> net farm income,

---

[5]      The statute does not define the phrase "net farm
income" and thus, under <u>Chevron</u>, the agency's regulations are
usually "given controllable weight" and afforded considerable
discretion.  <u>Lady Kim I</u>, 469 F. Supp. 2d at 1265 (quoting <u>Chevron
U.S.A. Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837
(1984)).  In the instant matter, the Department's regulation
defines net fishing income as "net profit or loss . . . reported
to the Internal Revenue Service for the tax year that most
closely corresponds with the marketing year under consideration."
7 C.F.R. § 1580.102 (2006).

not merely determine the <u>meaning</u> of net farm income; rote reliance upon a single line item 'reported to the Internal Revenue Service' without further analysis . . . will not suffice.")). As such, this Court directed the Department to set forth an analysis demonstrating that it <u>determined</u>, rather than stated, Plaintiff's net income.[6]  <u>Id.</u> at 1268.  The Court finds that the Department complied with the Court's order.

Pursuant to the applicable standard of review, this Court will uphold the agency's findings of fact if they are supported by substantial evidence.  19 U.S.C. § 2395(b).  On questions of law, the Court will uphold an agency's determination as long as the findings of law are not arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law.  <u>See</u> <u>Hyundai Elecs. Indus. Co., Ltd., v. United States</u>, 899 F.2d 1204, 1209 (Fed. Cir. 1990) (The "touchstone" of this standard of review is rationality.).  Indeed, a fundamental requirement of administrative law is that an agency set forth its reasons for decision; an agency's failure to do so constitutes arbitrary and capricious agency action.  <u>See</u> <u>Motor Vehicle Mfrs. Ass'n</u>, 463 U.S. at 43.

------

[6]    The Court noted, however, that in reaching a determination the Department need not conduct an independent exploratory investigation into the net income of a producer.  In conformity with the statutory and regulatory scheme, the Department need rely only on the information submitted to it by the producer.  <u>See</u> <u>Lady Kim I</u>, 30 CIT at __, 469 F. Supp. 2d at 1267.

As explained <u>supra</u>, to be upheld, the Department "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."   <u>See</u> <u>id.</u> (internal quotation and citation omitted).  This notwithstanding, the Court may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." <u>Bowman Transp. Inc. v. Arkansas-Best Frieght Sys.</u>, 419 U.S. 281, 286 (1974) (citing <u>Colorado Interstate Gas Co., v. Fed. Power Comm'n</u>, 324 U.S. 581, 595 (1945)). For the reasons that follow, the Court finds that the Department provided a cogent explanation for its decision to deny Plaintiff's application for trade adjustment assistance, and therefore affirms the <u>Remand Determination</u>.

**A.  The Department's Determination Was Supported By Substantial Evidence and Was Not Arbitrary or Capricious.**

Plaintiff complains that the Department did not determine whether its net income was greater in 2003 than in 2002. <u>See</u> Pl.s' Mem. at 2 ("Defendant's [<u>Remand Determination</u>] made no attempt to undertake this analysis but merely repackaged it's [sic] argument in it's [sic] Response . . . ."). The Court, however, disagrees. Not only was the conclusion drawn by the Department reasonable, but the explanation proffered was satisfactory.

Unlike the Department's initial letter denying Plaintiff TAA benefits, the <u>Remand Determination</u> provides a cogent explanation

indicating how the Department determined Plaintiff's net income.[7]

First, the Department set forth the relevant statutory and
regulatory criteria for qualifying for TAA benefits and defined key
terms.  See Remand Determination at 1 ("One of these criteria is
that the individual producer's 'net farm income was less than
during the producer's pre-adjustment year.'").  Specifically, it
defined "net fishing income" and "pre-adjustment year."  Id.
(citing 7 C.F.R. § 1580.102).  Next, the Department delineated the
analysis employed for determining net income.  Id.  It explained:

> To determine whether there has been the
> requisite decline in net income the agency
> compared line 21, "[o]rdinary income (loss)
> from trade or business activities," which the
> agency believes is the best evidence of net
> fishing income, on the Form 1120S filed for
> 2002 and for 2003.  Line 21 is calculated by
> subtracting line 20, '[t]otal deductions,'
> from line 6, '[t]otal income (loss).'  Thus
> line 21 sets forth the net of total income (or
> loss) and total deductions, i.e., net income,

---

[7]      As indicated in Lady Kim I, the Department's letter
denying Plaintiff's TAA application was devoid of a cogent
explanation for the basis of its decision.  In its memoranda to
this Court, however, Defendant attempted to explain the rationale
for its decision.  The Court correctly noted that any explanation
offered by Defendant in its briefs is a post hoc rationalization
and therefore an insufficient basis for the Court to reach a
decision on the legality of its conclusion.  In its briefs
currently before the Court, Defendant seems to suggest that the
Court erred by not accepting this new line of argument.  See
Def.'s Reply at 2.  Defendant misses the point.  It is well
established that the "courts may not accept appellate counsel's
post hoc rationalizations for agency action."  Burlington Truck
Lines, Inc. v. United States, 371 U.S. 156, 168 (1962).  As such,
the Court was correct in basing its decision on the record and
original letter denying Plaintiff's TAA benefits, and not
Defendant's brief to this Court.

which may be a positive or negative amount.
Line 21 is consistent with the definition in
the regulation of net fishing income, and
accords with the generally accepted definition
of net income. <u>Black's Law Dictionary</u> defines
'net income' to mean '[t]otal income from all
sources minus deductions, exemptions, and
other tax reductions.'  It further states:
'Income tax is computed on net income.'
<u>Black's Law Dictionary</u> (7th ed., 1999) at 767.
Lady Kim's tax returns indicated a net loss of
$96,356, as reported on line 21 of its Form
1120S, for 2002. Lady Kim's tax returns
indicated a net loss of $59,226, as reported
on line 21 of its Form 1120S, for 2003.
Therefore, Lady Kim's net income did not
decline from 2002 to 2003.  Thus, Lady Kim
does not meet one of the mandatory criteria
for eligibility for TAA cash benefits.

<u>Remand Determination</u> at 1–2.

After explaining which statutes and regulations it looked to;

the definitions relied upon; and how it calculated net income, the

Department then addressed Plaintiff's contentions regarding

depreciation.  In its initial Motion for Judgment Upon the Agency

Record, Plaintiff maintained that the Department erred by not

omitting depreciation from its calculation of net fishing income.

<u>See</u> <u>generally</u> Pl.'s <u>Lady Kim I</u> Br. at 5 ("Agriculture's negative

determination did not omit depreciation from its calculation of net

farm income in contravention of the statute.").  It maintained that

an examination of its proffered tax returns indicated that it

experienced a reduction in net income from 2002 to 2003.  <u>Id.</u> at 8.

The Department rejected Plaintiff's contentions for the following

reasons:

> The definition of net fishing income in the
> regulation requires the agency to look to the
> producer's net income as reported by the
> producer to the IRS. Lady Kim's net income as
> Lady Kim reported to the IRS, in fact,
> included a deduction for depreciation. For
> example, for 2003, Lady Kim reported a net
> loss of $59,226 (line 21), which was based
> upon total income of $3,307 (line 6), less
> total deductions of $62,263 (line 20). The
> total deductions (line 20) included a
> deduction of $23,787 for depreciation (line
> 14c)(internal citation omitted).

Remand Determination, at 2. The Department further explained that

"even if the regulation defined net income in a way so as to

exclude depreciation, Lady Kim would still not have a decline in

income from 2002 to 2003, and thus would not be entitled to TAA

benefits." Id.

The Court finds that this, and the additional information set

forth in the Remand Determination provides a satisfactory

explanation for the Department's action and a rational connection

between the facts on the record and the choice made. See Motor

Vehicle Mfrs. Ass'n, 463 U.S. at 43. In accordance with the

Court's remand instructions in Lady Kim I, the Department provided

a cogent explanation for its decision, and set forth the analysis

undertaken in determining net income. Accordingly, the Court

affirms the Department's Remand Determination.

Court No. 05-00511                                      Page 14

### Conclusion

For the reasons stated herein, the Court affirms the
Department's <u>Remand Determination</u> denying Plaintiff's application
for TAA benefits.  Judgment will enter accordingly.


Dated:    June 6, 2007                <u>/s/ Nicholas Tsoucalas</u>
                                      NICHOLAS TSOUCALAS
                                      SENIOR JUDGE

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
LADY KIM T. INC.                        :
                                        :
      Plaintiff,                        :  Court No. 05-00511
                                        :
                  v.                    :
                                        :
UNITED STATES SECRETARY OF              :
AGRICULTURE                             :
                                        :
Defendant.                              :
_____:

**JUDGMENT**

Upon consideration of the United States Department of Agriculture's Reconsideration Upon Remand of the Application of Lady Kim T. Inc., (Dep't Agric. Mar. 14, 2007) ("Remand Determination"), all other papers filed and proceedings herein, and Commerce having complied with the Court's remand instructions, it is hereby:

**ORDERED** that the Remand Determination is affirmed; and it is further

**ORDERED** that this action is dismissed.

Dated:    June 6, 2007                    /s/ Nicholas Tsoucalas
                                          NICHOLAS TSOUCALAS
                                          SENIOR JUDGE

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____        By: _____
                                                    Deputy Clerk